[No. B072439. Second Dist., Div. Seven. Jan. 17, 1995.]

AMERICAN ASSOCIATION OF WOMEN et al., Plaintiffs and Respondents, v.
BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY et al., Defendants and Appellants;
LETICIA A NETWORK et al., Interveners and Appellants.

**COUNSEL**

Fernando C. Gomez, Lee R. Rydalch and Linda S. MacAllister for Defendants and Appellants.

Elizabeth Guillen, Vibiana Andrade, Manuel A. Romero, Susan E. Brown, Robert Rubin, Diane Chin, Ignatius Bau, Peter D. Roos and Irma D. Herrera for Interveners and Appellants.

Richard L. Knickerbocker and Alan C. Nelson for Plaintiffs and Respondents.

## Opinion

STOEVER, J.*—Plaintiffs filed their complaint and petition for mandamus and injunctive relief seeking to compel defendant board of trustees of the California State University to follow Education Code sections 68050 and 68062, subdivision (h). The indicated Education Code sections relate to undocumented aliens establishing residency for purposes of determining applicability of resident or nonresident tuition. Plaintiffs' action was a taxpayer suit pursuant to Code of Civil Procedure section 526a.

Interveners filed demurrers, motions to strike, motions to transfer the cause to Alameda County, and, ultimately, answers to the complaint.

The trial court overruled the demurrers, denied the motion to strike, denied the motions to transfer, and issued a writ of mandate compelling defendant to comply with Education Code sections 68050 and 68062, subdivision (h), and enjoining defendant and respondent from violating said code sections.

Defendant and interveners appeal.

### Chronology of Facts and Events

In 1983, the Legislature amended Education Code section 68062 by adding subdivision (h): "(h) An alien, including an unmarried minor alien, may establish his or her residence, unless precluded by the Immigration and Nationality Act (8 U.S.C. 1101, et seq.) from establishing domicile in the United States."

In 1985, the Alameda County Superior Court, in Leticia A. v. Board of Regents of the University of California (No. 588982-4) (Leticia A.) found (1) the policy of determining residency on terms other than those applied to United States citizens is unconstitutional pursuant to article I, section 7, subdivision (a) of the California Constitution; (2) enjoined the California State University to determine the residence status of undocumented aliens in the same manner and on the same terms as United States citizens; and (3)

---

*Judge of the Los Angeles Superior Court sitting under assignment by the Chairperson of the Judicial Council.

enjoined the California State University from establishing California residency on terms different from a United States citizen for any semester or term from and after the date of entry of judgment. Leticia A. was a taxpayer suit pursuant to Code of Civil Procedure section 526a. California State University did not appeal.

In November 1990, the Court of Appeal, Second District (Div. Two), filed its opinion in *Regents of University of California* v. *Superior Court* (1990) 225 Cal.App.3d 972 [276 Cal.Rptr. 197] (review den.), more commonly referred to as the *Bradford* decision. The court held that Education Code section 68062, subdivision (h) was constitutional on its face and as applied; that Education Code section 68062, subdivision (h) precludes undocumented alien students from qualifying as residents of California for tuition purposes; and that the unappealed Alameda County Superior Court decision was not binding on the Los Angeles County Superior Court.

In May 1992, the Alameda County Superior Court filed a "Clarification of Order," apparently intending to reconcile or clarify its 1985 Leticia A. judgment with the *Bradford* decision. The Alameda County Superior Court exhaustively (sixteen and one-half pages) explained its 1985 ruling and the factual basis therefor. Then, it stated its disagreement (one-half page) with the Court of Appeal *Bradford* decision, on the grounds that the *Bradford* court did not make the same exhaustive factual considerations and findings as it (Alameda County Superior Court) did. (This appears to be a misunderstanding of the trial court vis-à-vis appellate court roles.)

The Alameda County Superior Court then held, ". . . that the *Bradford* decision, involving a different plaintiff and defendant,[1] does not preclude this Court's entry of further injunctive relief against California State University and Colleges." (Footnote 1 concedes that the University of California is bound by the *Bradford* decision; but, not so the California State University and College, which continues to be subject to the injunctive relief of the Alameda County Superior Court.)

ISSUE

The primary issue is which decision prevails:

1. The unappealed judgment of the Superior Court of Alameda County; or

2. The Court of Appeal decision in *Bradford*.

## LAW AND DISCUSSION

■ Appellants contend that the parties to this (Los Angeles County Superior Court) case are bound by the judgment of the Alameda County Superior Court and not by the Court of Appeal decision in *Bradford*.

The Alameda County Superior Court 1992 "Clarification of Order" released the University of California from its 1985 Leticia A. injunction, while continuing the California State University therein. The Alameda County Superior Court "Clarification of Order" concedes that the *Bradford* decision is binding on the defendant University of California, but not upon the defendant California State University. We disagree with the determination that *Bradford* does not apply to the California State University system.

It is unnecessary to engage in recondite discussions of primary right, res judicata, privity, collateral estoppel, concurrent jurisdiction and so forth. Such issues may have been relevant before, but not after, *Bradford, supra*, 225 Cal.App.3d 972, which was correctly decided and is the law applicable to this case.

The *Bradford* decision incorporated therein the opinion of the Attorney General No. 84-101 (67 Ops.Cal.Atty.Gen. 241 (1984)), which was issued in response to a request by the Chancellor of the California State University. The California Supreme Court denied review of the *Bradford* decision on March 28, 1991.

California Constitution, article III, section 3.5 has been satisfied. An appellate court has determined that:

1.  Education Code section 68062, subdivision (h) precludes undocumented alien students from qualifying as residents of California for tuition purposes; and

2.  Education Code section 68062, subdivision (h) is constitutional on its face and as applied. (*Bradford, supra*, 225 Cal.App.3d 972.)

Education Code section 68062, subdivision (h) applies without limitation to the California State University system. (Ed. Code, §§ 68000, 68011, 68012.) Education Code section 68062, subdivision (h) is constitutional on its face and as applied. Contrary to the assertion by interveners, we do not find anywhere in the *Bradford* opinion that the Court of Appeal held that its decision would not be binding upon the California State University system.

*Bradford, supra*, 225 Cal.App.3d 972, is binding upon both the University of California and the California State University. The conclusion in *Bradford*

that Education Code section 68062, subdivision (h) precludes undocumented alien students from qualifying as residents of California for tuition purposes goes beyond the relief sought by respondents and granted by the trial court.

A thorough discussion of this interpretation, that is, preclusion of undocumented alien students, is not necessary to our decision in this matter. Suffice it to say that Education Code section 68062, subdivision (h) does not, itself, make a blanket preclusion of undocumented alien students from qualifying as California residents for tuition purposes. That section clearly establishes the preclusionary standard as the domiciliary provisions of the Immigration and Nationality Act (8 U.S.C. § 1101 et seq.).

### DISPOSITION

The order granting peremptory writ of mandate and preliminary injunction is affirmed.

Respondents shall recover their costs on appeal.

Pursuant to Code of Civil Procedure section 1021.5, respondents are entitled to recover their reasonable attorney fees from appellant Board of Trustees of the California State University. Following remittitur, the trial court will determine the amount of such reasonable attorney fees.

Lillie, P. J., and Woods (Fred), J., concurred.